UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RICHARD L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-609 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| UNKNOWN RICHARDSON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff is presently incarcerated at the Marquette Branch Prison. He complains of events that occurred while he was housed in a segregation unit at the Ionia Maximum Correctional Facility. On April 29, 2003, as meal trays were being served on the unit, Officer Richardson was accused by an inmate of not serving the inmate all of his rations. A heated verbal confrontation ensued and in an attempt to help the inmate, Plaintiff called out to Sergeant Schluckbier. Thereafter, when Officer Richardson served Plaintiff his meal tray, the officer stated "I hope you enjoy your food loaf Johnson. Maybe you'll learn to keep your big mouth out of my business." (Complaint, p. 7 ¶ 6). When Officer Richardson returned to retrieve Plaintiff's tray, the officer refused to open Plaintiff's door slot. Plaintiff called out to Sergeant Schluckbier, who directed Officer McQuallian to retrieve Plaintiff's tray. Officer McQuallian opened Plaintiff's door slot, and Plaintiff immediately turned over his tray.

Officer Richardson submitted a misconduct report claiming that Plaintiff had refused to turn in his tray. Sergeant Schluckbier placed Plaintiff on food loaf status pending a hearing on the misconduct report. Lieutenant Ray approved Sergeant Schluckbier's actions. A hearing on the misconduct report was held on May 13, 2003, and Plaintiff was found guilty of disobeying a direct order. Plaintiff received thirty days detention but it is unclear if he remained on food loaf status.

Plaintiff brings this action against Sergeant Schluckbier, Officer Richardson, and Lieutenant Ray claiming that the Defendants violated the Eighth and Fourteenth Amendments, state law, and several policies of the Michigan Department of Corrections. Plaintiff seeks compensatory

and punitive damages and an injunctive order requiring the Michigan Department of Corrections to change its food loaf policy.  Plaintiff exhausted his administrative remedies prior to filing suit.

        II.        <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's Eighth Amendment claim regarding the food loaf restriction fails.  The Eighth Amendment imposes constitutional limits on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment is concerned with "unquestioned and serious deprivations of basic human needs," *id.,* such as "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Id.* at 348.  "Only those deprivations denying 'the minimal measure of life's necessities' may form the basis of an Eighth Amendment claim."  *Gibson v. Foltz*, 963 F. 2d 851 (6th Cir. 1992) (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)).  With regard to food, prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically

pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit has repeatedly held that a diet of food loaf does not violate the Eighth Amendment because the loaf meets nutritional and caloric requirements. *See, e.g.*, *Cunningham*, 567 F.2d at 656; *Griffis v. Gundy*, 47 F. App'x 327, 328 (6th Cir. 2002); *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990). Plaintiff has not alleged that he suffered any adverse consequences from the food loaf diet, or that the food loaf lacked sufficient nutrition or otherwise posed a danger to his health. Accordingly, Plaintiff has not stated an Eighth Amendment claim.

Plaintiff also does not state a Fourteenth Amendment due process claim arising from his placement on food loaf status prior to a hearing on his misconduct report. A Fourteenth Amendment due process claim depends upon the existence of a liberty or property interest protected by the Constitution with which the defendants have interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Under certain circumstances, a state may create a liberty interest protected by the due process clause, *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995), but in the prison context the state created liberty interests "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483 (holding that 30 days in segregated confinement did not present an atypical and significant hardship); *see also Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). In support of his due process claim, Plaintiff refers to *United States v. Michigan*, 680 F. Supp. 270 (W.D. Mich. 1988), in which the court held that prisoners have a liberty interest in not being placed on a food loaf diet. However, in *Sandin*, the Supreme Court specifically cited the

holding in *United States v. Michigan* with disapproval. *Sandin*, 515 U.S. at 482-83.  Under the analysis enunciated in *Sandin*, being fed food loaf does not implicate a due process liberty interest because such a diet does not impose an atypical and significant hardship.  *See Griffis,* 47 F. App'x at 328; *Turnhoe v. Gundy,* 25 F. App'x 292 (6th Cir. 2001); *Johnson v. Gummerson*, No. 99-0071, 1999 WL 822523, at *1 (2d Cir. Sept. 24, 1999)*; Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541 (6th Cir. Feb. 1, 1996).  Accordingly, because prisoners have no liberty interest in avoiding food loaf status, Plaintiff fails to state a claim for violation of his due process rights.

To the extent that Plaintiff claims that he was wrongfully convicted of a false, retaliatory misconduct report written by Officer Richardson, the claim is barred under *Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Edwards* the Supreme Court held that a clam for declaratory relief and monetary damages, based upon allegations of deceit and bias on the part of the decision maker, that necessarily implies the invalidity of the punishment imposed is not cognizable under § 1983 until the conviction has been overturned. *Id.* at 648 ( following *Heck v. Humphrey*, 512 U.S. 477 (1994)).

Plaintiff also claims that Defendants violated the Michigan Constitution, state tort law and several Michigan Department of Corrections policies.  Section 1983, however, does not provide redress for a violation of a state law,  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994), nor does the failure to comply with the administrative rules itself rise to the level of a constitutional violation.  *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. April 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protected liberty interest).  The Sixth Circuit has

stated that when a district court dismisses all federal claims, the court should generally decline to exercise supplemental jurisdiction over state law claims. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, the Court will dismiss Plaintiff's state law claims.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: October 6, 2005                               /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE